# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ARTURO TALAMANTES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-11-91-JHP |
| | ) |
| **TRACY JONES,** | ) |
| | ) |
| Respondent. | ) |

## ORDER OF DISMISSAL

This action was filed by Petitioner, a *pro se* inmate, incarcerated at the Central Utah Correctional Facility in Gunnison, Utah. Plaintiff claims to bring his action pursuant to 28 U.S.C. §§ 2241(c)(3) and 2254(a). In his petition, however, he requests this Court order him moved out of the Utah State Prison and placed back in the Oklahoma State Penitentiary. Additionally, Petitioner complains about the conditions of confinement. *See*, Dkt. # 1. Respondent has filed a Motion to Dismiss (Dkt. # 8). Respondent argues Petitioner's Petition for Habeas Corpus Relief is barred by the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA," 28 U.S.C. § 2244(d). Respondent also claims that Petitioner has not exhausted his administrative remedies. For the reasons set forth below, the Court finds venue is not proper in this judicial district, and, therefore, the petition should be dismissed without prejudice.

District court must review habeas petition and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief. . . ." Rule 4, Rules Governing Section 2254 Cases. Moreover, courts are obligated to examine their jurisdiction *sua sponte* and dismiss any action where it is lacking. *See*, Fed.R.Civ.P. 12(h)(3); *see also, Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . .")(internal citation omitted).

Section 2241(a) of Title 28 U.S.C. provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000), citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

In this case, Petitioner alleges no facts to support jurisdiction in this Court since the defendant is currently incarcerated within the State of Utah and his conviction, to the extent he is actually attacking the conviction,[1] did not occur within the Eastern District of Oklahoma. Therefore, this complaint should be dismissed without prejudice to being refiled in the proper judicial district. 28 U.S.C. § 1406(a). While this Court could transfer this case in the interests of justice, pursuant to 28 U.S.C. § 1406(a), this Court declines to do so

---

[1] Construing the petition liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Petitioner does not appear to challenge his conviction, rather, he seeks transfer back to the State of Oklahoma and complains about conditions of confinement within the Utah prison. Both of Plaintiff's requested remedies appear to be alleging violations of petitioner's civil rights under 42 U.S.C. § 1983. If this Court construed the petition as a civil rights action, Plaintiff still has not alleged any facts to support venue in this judicial district under 28 U.S.C. § 1391(b) because the defendant does not reside in this district and none of the events giving rise to Plaintiff's claims occurred in this district.

because it appears that the limitations period for challenging the conviction and/or his transfer from the State of Oklahoma to the State of Utah has already expired and that Petitioner has not exhausted his administrative remedies. Accordingly, it is hereby ordered that the complaint (Dkt. # 1) is **dismissed without prejudice** because venue is improper.

It is so ordered on this  1st  day of March, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma